UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| Ilya Verbitsky, | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Alpha Recovery Corp.; and DOES 1–10, inclusive, | : **COMPLAINT** |
| Defendants. | : |

For this Complaint, Plaintiff, Ilya Verbitsky, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Ilya Verbitsky ("Plaintiff"), is an adult individual residing in Gaithersburg, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Alpha Recovery Corp. ("Alpha"), is a Colorado business entity with an address of 5660 Greenwood Plaza Boulevard, Suite 101, Greenwood Village, Colorado 80111-2417, operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1–10 ("Collectors") are individual collectors employed by Alpha and whose

identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Alpha at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Plaintiff allegedly incurred a financial obligation ("Debt") to an original creditor ("Creditor").

9. The Debt arose from services provided by the Creditor, which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Alpha for collection, or Alpha was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Alpha Engages in Harassment and Abusive Tactics**

12. Within the last year, Alpha began calling Plaintiff in an attempt to collect the Debt.

13. On or about January 23, 2017, Plaintiff advised Alpha that he had not received a letter regarding the Debt and that he did not want to pay the Debt until he received a letter.

14. In response, Alpha accused Plaintiff of stalling and told Plaintiff that he should "own up" to his responsibilities.

15. Plaintiff was subsequently transferred to a manager.

16. The manager told Plaintiff that he would not do anything "this stupid" with his money and called Plaintiff a failure.

17. In addition, the manager claimed that Plaintiff's ex-wife must have "run up" the Debt and mocked Plaintiff's vocabulary.

### C. Plaintiff Suffered Actual Damages

18. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

19. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA – 15 U.S.C. § 1692, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with Plaintiff.

23. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

25. Plaintiff is entitled to damages as a result of Defendants' violations.

### COUNT II
### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
### MD. CODE COMM. LAW § 14-201, *et seq.*

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

27. Defendants are each individually a "collector" as defined by MD. Code Comm. Law § 14-201(b).

28. The Debt is a "consumer transaction" as defined by MD. Code Comm. Law § 14-201(c).

29. Defendants used obscene and grossly abusive language when communicating with Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

30. Plaintiff is entitled to damages proximately caused by Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b); and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: April 18, 2017

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, LLC
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

Email: slemberg@lemberglaw.com
ATTORNEYS FOR PLAINTIFF